IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| MCDAVID OYEKWE, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-1085-S-BN |
| | § | |
| RESEARCH NOW GROUP, INC. a/k/a | § | |
| RESEARCH NOW, INC. a/k/a DYNATA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR
PROTECTIVE ORDER AS TO DEPOSITIONS AND DENYING
MOTION TO QUASH AND REQUESTS FOR SANCTIONS**

Plaintiff McDavid Oyekwe filed a *pro se* action in state court against his former employer, Defendant Research Now Group, Inc. a/k/a Research Now, Inc. a/k/a Dynata, which Dynata removed to federal court after answering Mr. Oyekwe's amended petition. *See* Dkt. No. 3.

The removed action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge.

On February 25, 2020, Mr. Okeywe filed Plaintiff's Emergency Request for Telephonic Conference [Dkt. No. 61] regarding Dynata's allegedly blocking his attempts to depose "CEO Gary Laben & Top Sales Executive Tom Johnson despite their unique information within scope for a deposition [involving Mr. Oyekwe's] performance and [his allegations of] Sarbanes Oxley fraud/discriminative intent

toward" him, *id.* at 1. The Court denied Mr. Oyekwe's motion requesting a telephone conference the next day. *See* Dkt. No. 62.

And, consistent with the February 26, 2020 order, although Mr. Oyekwe "has not formally noticed the deposition of Mr. Laben, Mr. Johnson, or any other Dynata employee," Dkt. No. 63, ¶ 7, Dynata moved for a protective order under Federal Rule of Civil Procedure 26(c), "to prevent the depositions of its Chief Executive Officer, Gary Laben, and Executive Vice President of Sales and Customer Experience, Tom Johnson," *id.* at 1 (the "MPO"). Mr. Oyekwe filed a court-ordered response to the MPO, in which he moves to quash the MPO and requests that Dynata be held in civil contempt. *See* Dkt. No. 65; *see also* Dkt. No. 64. Relatedly, Mr. Oyekwe previously filed a motion requesting that the Court hold Dynata in civil contempt. *See* Dkt. No. 58.

The Court GRANTS the MPO and DENIES Mr. Oyekwe's motion to quash and for requests to impose sanctions.

**Legal Standards and Analysis**

Under Federal Rule of Civil Procedure 26(c), the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* FED. R. CIV. P. 26(c)(1). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (citations omitted); *see also E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 698

(5th Cir. 2017). A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

> Although this Court is not subject to Texas state court decisions applying the so-called Apex Doctrine, federal courts permit the depositions of high-level executives, sometimes referred to as apex executives, when conduct and knowledge at the highest levels of the corporation are relevant to the case. *See, e.g., Simms v. Nat'l Football League*, No. 3:11-cv-248-M-BK, 2013 WL 9792709, at *3 (N.D. Tex. July 10, 2013); *KimberlyClark Corp. v. Cont'l Cas. Co.*, No. 3:05-cv-475-D, 2006 WL 3436064, at *2 (N.D. Tex. Nov. 29, 2006). But the United States Court of Appeals for the Fifth Circuit has recognized the need for first utilizing less-intrusive means before taking such as deposition, by way of deposing lesser-ranking employees. *See Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979).

*Ross Neely Sys., Inc. v. Navistar, Inc.*, No. 3:13-cv-1587-M-BN, 2015 WL 12916401, at *1 (N.D. Tex. Apr. 9, 2015).

So, "[u]nless the executive possesses 'unique personal knowledge' about the controversy, the court should regulate the discovery process to avoid 'oppression, inconvenience, and burden' to the executive and the corporation." *Robinson v. Nexion Health at Terrell, Inc.*, No. 3:12-cv-3853-L-BK, 2014 WL 12915533, at *2 (N.D. Tex. Apr. 16, 2014) (citation omitted). Such regulation may be imposed through a protective order under Rule 26(c). And, "[s]hould alternative discovery methods prove inadequate,

the court may revisit the issue to determine whether the deposition of a high-ranking executive remains necessary." *Robinson*, 2014 WL 12915533, at *2 (citations omitted).

As set out in the MPO,

1. Discovery in this matter commenced on May 23, 2019 and is scheduled to close on March 5, 2020.
2. On February 19, 2020, approximately two weeks before the close of the almost 10-month discovery period, Plaintiff made his first request to take depositions of Defendant's employees, including Chief Executive Officer, Gary Laben and Executive Vice President of Sales and Customer Experience, Tom Johnson.
3. Despite the parties' lengthy discovery period, which was initially scheduled to close on January 14, 2020, Plaintiff did not make any requests to depose Defendant, its employees, or any other person prior to February 19, 2020.
4. The law in this Court is clear, however, that a party seeking to depose a high-level executive must show that the executive has "unique personal knowledge" relevant to the claim. In addition, the party must first utilize less intrusive means of obtaining the desired information, such as deposing a lower ranking employee or a 30(b)(6) witness.
5. Defendant objects to the depositions of Mr. Laben and Mr. Johnson on grounds that both of these individuals are high-level executives of Defendant, neither of whom have unique personal knowledge relevant to Plaintiff's claims in this case. Mr. Laben and Mr. Johnson did not directly supervise Plaintiff during his employment with Defendant, nor did they have any direct involvement in the personnel decisions Plaintiff challenges in this lawsuit.
6. Further, even if Mr. Laben and Mr. Johnson have some knowledge relevant to Plaintiff's claims – which Plaintiff has not yet shown and which Defendant denies – Plaintiff has not made any attempt to obtain such information through less intrusive means.

Dkt. No. 63 (citations and footnote omitted).

Specifically in response Mr. Oyekwe's argument that Mr. Laben and Mr. Johnson have knowledge regarding the claims made in this case, Dynata provides the Declaration of Jude Bayley, its Senior Director, Account Management. *See* Dkt. No. 63-

1. Mr. Bayley testifies he "supervised McDavid Oyekwe from February 3, 2017 through the end of his employment on April 26, 2017"; that "Dynata's Chief Executive Officer, Gary Laben and Executive Vice President of Sales and Customer Experience, Tom Johnson did not supervise Plaintiff during his employment and did not have any involvement in the decision to terminate Plaintiffs employment, or any other employment decisions relating to Plaintiff"; and that "[t]he letter to Plaintiff dated April 5, 2017, is a form letter with Gary Laben's signature. Neither Gary Laben or Tom Johnson had any involvement in any decisions with respect to Plaintiff's bonus payment." *Id.*, ¶¶ 3-5.

Mr. Oyekwe responds to the MPO by insisting that, because Dynata identified Mr. Johnson and Mr. Laben in its initial disclosures, he should be allowed to depose them; that Mr. Laben should "speak for himself" as to the April 5, 2017 letter; that Dynata still has not "provided full discovery"; and that the Court should hold Dynata in civil contempt. Dkt. No. 65.

This response neither carries Mr. Oyekwe's burden to show that either executive has unique personal knowledge about Mr. Oyekwe's claims nor shows that Mr. Oyekwe has pursued less-intrusive means – such as seeking to depose lesser-ranking employees or obtain a deposition under Federal Rule of Civil Procedure 30(b)(6) – and that those means were inadequate. Thus, measuring the MPO against the response, Dynata has made a showing sufficient to obtain a protective order under Rule 26(c) preventing the deposition of either Mr. Laben or Mr. Johnson in this action.

Turning to Mr. Oyekwe's requests to hold Dynata in civil contempt, *see* Dkt. Nos. 58 & 65,

> 28 U.S.C. § 636(e)(6) provides that, "[u]pon the commission of any [act of contempt] – ... (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where – ... (iii) the act constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge."
>
> "A party may be held in contempt if he violates a definite and specific court order requiring him to perform or refrain from performing a particular act or acts with knowledge of that order." *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987). "The judicial contempt power is a potent weapon" that should not be used unless a specific aspect of the court's order has been "clearly violated." *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999).
>
> "Contempt is characterized as either civil or criminal depending on its 'primary purpose.'" *In re Collier*, 582 F. App'x 419, 522 (5th Cir. 2014). "A contempt order is civil in nature if the purpose of the order is (1) to coerce compliance with a court order or (2) to compensate a party for losses sustained as a result of the contemnor's actions." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 290-91 (5th Cir. 2002). To show that civil contempt is warranted, a moving party must establish "1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992). Intent is not an element of civil contempt; the issue is whether the alleged contemnor has complied with the court's order. *Whitfield*, 832 F.2d at 913. "The respondent may avoid a contempt finding by establishing that is has substantially complied with the order or has made reasonable efforts to comply." *In re Brown*, 511 B.R. 843, 849 (S.D. Tex. 2014). The standard of proof for civil contempt is clear and convincing evidence, which is "that weight of proof which 'produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, of the truth of the precise facts' of the case." *Travelhost, Inc. v. Blandford*,

68 F.3d 958, 961 (5th Cir. 1995).

*Ross Neely Sys., Inc. v. Navistar, Inc.*, No. 3:13-cv-1587-M-BN, 2015 WL 12916405, at *6 (N.D. Tex. June 3, 2015).

Here, because Mr. Oyekwe has shown no violation of an order of the Court, there is no basis to certify facts to – or recommend to – the district judge that she issue a show cause order as to contempt. *See id.* at *13-*15.

## Conclusion

The Court GRANTS Dynata a protective order under Federal Rule of Civil Procedure 26(c) preventing the depositions of its Chief Executive Officer, Gary Laben, and Executive Vice President of Sales and Customer Experience, Tom Johnson. *See* Dkt. No. 63. And the Court DENIES the relief requested by Plaintiff McDavid Oyekwe through his response to the motion for protective order and his requests concerning civil contempt. *See* Dkt. Nos. 58 & 65.

SO ORDERED.

DATED: March 4, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE