IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MCDAVID OYEKWE,                          §
                                         §
              Plaintiff,                 §
                                         §
V.                                       §        No. 3:19-cv-1085-S-BN
                                         §
RESEARCH NOW GROUP, INC. a/k/a           §
RESEARCH NOW, INC. a/k/a DYNATA,         §
                                         §
              Defendant.                 §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff McDavid Oyekwe filed a *pro se* action in state court against his former

employer, Defendant Research Now Group, Inc. a/k/a Research Now, Inc. a/k/a

Dynata, raising claims of racial discrimination, in violation of Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and the

Texas Commission on Human Rights Act, TEX. LABOR CODE ANN. § 21.001 *et seq.* (the

TCHRA), claims of retaliation after he engaged in protected activity, under the same

provisions of law, and a claim that Dynata failed to properly compensate him for

overtime, in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.

§ 201 *et seq.* (the FLSA). *See* Dkt. No. 3-9 (amend. pet.).

Dynata removed Oyekwe's lawsuit to federal court after answering his

amended petition. *See* Dkt. No. 3.

The Court referred the removed action to the undersigned United States

magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing

order of reference from the presiding United States district judge.

Dynata moved for summary judgment on April 6, 2020. *See* Dkt. Nos. 73, 74, & 75. The next day, the Court ordered Oyekwe to file a response by May 8, 2020. *See* Dkt. No. 76. He filed a response two days later. *See* Dkt. No. 77. On April 13, 2020, he filed an Amended Motion to Answer Defendant's Brief for Summary Judgment. *See* Dkt. No. 79. The Court construed this filing as an amended response to the summary judgment motion superseding his earlier-filed response. *See* Dkt. No. 81. Dynata then replied. *See* Dkt. No. 82.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion for summary judgment and dismiss this case with prejudice.

## Legal Standards

"In the employment discrimination arena, the 'salutary function of summary judgment' is that it 'allows patently meritless cases to be nipped in the bud.'" *Molden v. East Baton Rouge Sch. Bd.*, 715 F. App'x 310, 313 (5th Cir. 2017) (per curiam) (quoting *Caldwell v. KHOU-TV*, 850 F.3d 237, 241 (5th Cir. 2017)).

And, under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fᴇᴅ. R. Cɪᴠ. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc);

*accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic

argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable

jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*,780 F.2d 1190,

1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at \*10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

"[T]he traditional leniency afforded to a *pro se* plaintiff does not excuse [Oyekwe] from [his] burden of opposing summary judgment through the use of competent summary judgment evidence." *Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trs.*, 709 F. App'x 243, 246 (5th Cir. 2017) (per curiam) (citing *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) ("[T]his is not to say that pro se plaintiffs don't have to submit competent evidence to avoid summary judgment, because they do.")). And, "[a]lthough courts should advise *pro se* [parties] of procedural rules," *Brown v. Megg*, 857 F.3d 287, 289 n.1 (5th Cir. 2017) (citing *Davis*, 798 F.3d at 293-94), the United States Court of Appeals for the Fifth Circuit "has held that they need not be given additional notice of the consequences of a summary judgment motion and the right to submit opposing affidavits as the notice given by Rule 56 and the local rules suffices," *id.* (citing *Martin v. Harrison Cnty. Jail*, 975 F.2d 192, 193 (5th

Cir. 1992)).[1]

That said, the verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings comport with the requirements of Rule 56(e). *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *accord Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit.").

## Analysis

After removal to federal court, the parties participated in a telephonic scheduling conference with the undersigned, *see* Dkt. Nos. 24 & 25, after which the undersigned memorialized that, "[b]ecause Plaintiff is a *pro se* litigant, the Court may hold Plaintiff's filings to a less stringent standard than papers drafted and filed by an attorney. But this is Plaintiff's lawsuit, and, ultimately, Plaintiff must prove an entitlement to relief. Neither the Court (or any of its staff) nor counsel for Defendant(s) will serve as *de facto* counsel for Plaintiff," Dkt. No. 26, ¶ 1 (citing *Barker v. Norman*, 651 F.2d 1107, 1129 n.26 (5th Cir. Unit A July 1981)).

Oyekwe proceeded to actively prosecute his case, during which time the parties

---

[1] *See also Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) ("[T]here is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention. It is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment. All summary judgment nonmovants shoulder the same obligation. District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response.").

participated in an unsuccessful settlement conference with another United States magistrate judge, *see* Dkt. Nos. 27, 29, & 37, and the Court denied Okeywe's requests to sanction Dynata, *see* Dkt. Nos. 58, 65, 66, 68, & 72. And, after Dynata moved for summary judgment, *see* Dkt. Nos. 73, 74, & 75, the undersigned entered a briefing order setting out in full the detailed summary judgment standards above and the full text of Rule 56, *see* Dkt. No. 76.

But neither has Oyekwe filed a verified complaint (the *pro se* amended petition filed in state court) [Dkt. No. 3-9] nor has he submitted competent evidence to oppose summary judgment, *see* Dkt. Nos. 77 & 79.

As the briefing order cautioned Oyekwe, "there is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention." *Bookman*, 945 F. Supp. at 1002. In this case, that point is now, because "[i]t is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment." *Id.* "All summary judgment nonmovants shoulder the same obligation," *id.* – to oppose "summary judgment through the use of competent summary judgment evidence," *Malcolm*, 709 F. App'x at 246.

Against this background, the Court should consider the claims on which Dynata moves for summary judgment in turn, starting with the FLSA claim.

I.    **The Court should grant Dynata summary judgment because Oyekwe has not <u>established coverage under the FLSA.</u>**

"The FLSA was 'enacted in 1938 to protect all covered workers from substandard wages and oppressive working hours.'" *Molina-Aranda v. Black Magic*

*Enters., L.L.C.*, 983 F.3d 779, 785 (5th Cir. 2020) (quoting *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2121 (2016)). "An employee can be covered by the FLSA if either the employee or the employing enterprise is 'engaged in commerce or in the production of goods for commerce'" – respectively referred to as "individual coverage" and "enterprise coverage." *Id.* at 785-86 (citing *Encino Motorcars*, 136 S Ct. at 2121; *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992)).

"[A]t summary judgment, … plaintiffs [are] required to demonstrate, with evidence showing at least a genuine dispute of material fact, a relationship between their work and interstate commerce." *Id.* at 787 (citing *Williams v. Henagan*, 595 F.3d 610, 615 (5th Cir. 2010) (per curiam)); *see also Avalos v. Brackett*, No. 3:12-cv-1865-BN, 2014 WL 1922217, at *5 (N.D. Tex. May 14, 2014) ("Plaintiff bears the burden of proving at trial that he is entitled to protection under the FLSA. *See Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (per curiam). Defendant, as the movant, can meet his initial burden by pointing to the absence of evidence that such protection exists. *See Duran v. Wong*, No. 4:11-cv-3323, 2012 WL 5351220, at *2 (S.D. Tex. Oct. 23, 2012).").

Oyekwe fails to allege and – more importantly – fails to point to competent summary judgment evidence to establish enterprise coverage. Similarly, his allegations as to individual coverage – that he "worked on two accounts" and created "contract bids," Dkt. No. 3-9, ¶¶ 16, 26 – are too vague. And, crucial at this stage of the litigation, Oyekwe also fails to establish individual coverage through competent summary judgment evidence. These shortcomings require that the Court grant

Dynata summary judgment on the FLSA claim. *See Avalos*, 2014 WL 1922217, at *6

("Because Plaintiff has not sustained his burden of showing that the FLSA applies to

Defendant, Defendant's Motion for Summary Judgment is GRANTED, and Plaintiff's

Complaint is dismissed with prejudice." (citing *Mendoza v. Detail Sols., LLC*, 911 F.

Supp. 2d 433, 441-42 (N.D. Tex. 2012) ("Given the failure of both his individual

coverage and his enterprise coverage arguments, Mendoza has not sustained his

burden of showing that the FLSA applies to Detail Solutions. Detail Solutions' motion

for summary judgment is therefore granted on Mendoza's FLSA minimum wage and

overtime claim."); *Romero v. Funes*, No. H-11-3373; 2013 WL 655250, at *3 (S.D. Tex.

Feb.21, 2013) (same))).

    The Court should therefore dismiss the FLSA claim with prejudice.

II.    **The Court should grant Dynata summary judgment because Oyekwe has not
established a prima facie case of discrimination.**

    Although Oyekwe has brought his discrimination and retaliation claims under

Title VII, Section 1981, and the TCHRA, "these three statutory bases are functionally

identical for the purposes of [his] claims." *Shackelford v. Deloitte & Touche, LLP*, 190

F.3d 398, 404 n.2 (5th Cir. 1999) (electing to "refer only to Title VII in [its] opinion,"

the Fifth Circuit panel observed that, "[w]hen used as parallel causes of action, Title

VII and section 1981 require the same proof to establish liability" and that,

"[s]imilarly, the law governing claims under the TCHRA and Title VII is identical"

(citing *Bunch v. Bullard*, 795 F.2d 384, 387 n.1 (5th Cir. 1986), then *Colbert v.
Georgia-Pacific Corp.*, 995 F. Supp. 697 (N.D. Tex. 1998))).

    So the undersigned's "analysis of [Oyekwe's] Title VII causes of action also

applies to [his] § 1981 and TCHRA claims." *Jinks v. Advanced Prot. Sys., Inc.*, 162 F. Supp. 2d 542, 546 n.4 (N.D. Tex. 2001).

"Title VII prohibits discrimination 'because of' a protected characteristic, including race." *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 216, 219 (5th Cir. 2016) (citing 42 U.S.C. § 2000e-2(a)(1); footnote omitted). And, like here, in the absence of direct evidence, Title VII discrimination claims are analyzed under the framework set out by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), under which a plaintiff must first establish a prima facie case of discrimination before the case may proceed. *See McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007); *Outley*, 840 F.3d at 216, 219.

To establish a prima facie claim of discrimination, a plaintiff must show that he

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*Id.* at 556 (citing *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005)); *Outley*, 840 F.3d at 216.

First, Oyekwe has not alleged that he was discriminatorily discharged because of race but that he was discharged in retaliation after he complained of discrimination. *See* Dkt. No. 3-9 at 8 ("Plaintiff notified Human Resources that he was being treated differently than his white coworkers and within days he was terminated in retaliation for his complaint."). So the alleged adverse employment actions are that he was paid a reduced referral bonus in November 2016; that, from

January 2017 through his termination, he failed to receive the same recognition and rewards as his white coworkers; that his supervisor required that Oyekwe stay late; that his manager placed restrictions on him, including limiting Oyekwe's ability to work from home; and that, in 2016, he received a lower performance bonus than other employees. *See* Dkt. No. 3-9 at 5-6; Dkt. No. 75 at 529-30 (EEOC charge).

None of these actions qualify as an adverse employment action for purposes of a prima facie claim of Title VII discrimination. That prong of the prima facie showing instead "require[s] an 'ultimate employment decision' or its factual equivalent." *Brooks v. Firestone Polymers, L.L.C.*, 640 F. App'x 393, 396-97 (5th Cir. 2016) (per curiam) (citing *McCoy*, 492 F.3d at 560; *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014)). This "judicially-coined term refer[s] to an employment decision that affects the terms and conditions of employment ... such as hiring, firing, demoting, promoting, granting leave, and compensating." *Thompson*, 764 F.3d at 503 (citations omitted); *see Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62 (2006) (holding that the anti-discrimination provision of Title VII "explicitly limit[s] the scope of that provision to actions that affect employment or alter the conditions of the workplace").

For example – and considering that compensating affects the terms and conditions of employment such that decisions that unfavorably affect a plaintiff's compensation may, in some instances, qualify as adverse employment actions – Oyekwe contends that he received lower bonuses than his white coworkers. But,

> "[a]lthough the denial of a bonus has been found to be an adverse employment action for a discrimination claim in the Fifth Circuit,

> [another district court in this circuit has observed that it] is not aware of any Fifth Circuit cases in which a reduction in bonus has qualified as an adverse employment action for a discrimination claim. However, in retaliation cases, courts have found an adverse employment action where a bonus has been denied but not where a bonus has been reduced. The standard for finding an adverse employment action in a retaliation case is more expansive than the ultimate employment decision standard for finding an adverse employment action in a discrimination case. *See Burlington Northern*, 548 U.S. at 67. However, Plaintiff has not provided any case and the Court has not found any which establishes that a reduction in bonus as opposed to the denial of a bonus would qualify as an adverse employment action for a discrimination claim. Plaintiff's reduction in bonus therefore does not qualify as an adverse employment action.

*Daniel v. Universal Ensco, Inc.*, Civ. A. No. 09-4140, 2011 WL 13140729, at *10 (S.D. Tex. Aug. 31, 2011) (collected authority omitted).

But, even if Oyekwe has shown an adverse employment action, he has failed to show that he was treated less favorably than other similarly situated employees outside his protected group.

To meet this prong, Oyekwe must, through competent summary judgment evidence, show that an alleged comparator is an individual of a different race than him "under nearly identical circumstances" who was treated more favorably. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009); *see also Wright v. Chevron Phillips Chem. Co., L.P.*, 734 F. App'x 931, 934 (5th Cir. 2018) (per curiam) ("Both the comparator and the conduct must be 'nearly identical' (except for the protected characteristic) to the person and situation in question yet the two yielded dissimilar results." (quoting *Outley*, 840 F.3d at 217-18 (quoting, in turn, *Lee*, 574 F.3d at 260))); *Noble v. Lear Siegler Svcs., Inc.*, 554 F. App'x 275, 276 (5th Cir. 2014) (per curiam) (rejecting an African-American plaintiff's claim that he established this prima facie

element by asserting that "five Caucasian men in his unit kept their jobs" because he failed to "show that these comparators were under 'nearly identical circumstances'" by presenting "evidence regarding the comparators' job descriptions, qualifications, experience, work and disciplinary history, or other information that would indicate that they were similarly situated" (quoting *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 514 (5th Cir. 2001))); *Reyna v. Donley*, 479 F. App'x 609, 611-12 (5th Cir. 2012) (per curiam) ("An employee must proffer a comparator who was treated more favorably 'under nearly identical circumstances,' which is satisfied when 'the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories.'" (quoting *Lee*, 574 F.3d at 260)).

As to the allegedly disparate bonus compensation, Oyekwe identifies Tyler Stanley and Travis Goodman, two Caucasian employees who worked on the same account with him who are both white. *See* Dkt. No. 3-9 at 4-6. But unrefuted competent summary judgment reflects that neither qualifies as a proper comparator. *See* Dkt. No. 75 at 9-10 (Decl. of Jude Bayley, ¶¶ 18, 22, 23, 24) (Stanley, unlike Oyekwe, was not eligible for a discretionary bonus in 2016 and therefore did not receive a discretionary bonus that year; Goodman received a higher performance rating than Oyekwe and had a longer tenure in a bonus-eligible role).

Because Oyekwe has not established a prima facie case of discrimination, the Court should grant Dynata summary judgment on the discrimination claims and dismiss those claims with prejudice.

III.    The Court should grant Dynata summary judgment because, even if Oyekwe has established a prima facie case of retaliation, he has not shown that Dyanata's proffered reasons for his termination was a pretext for retaliation.

Again following Title VII's framework for all retaliation claims, "[i]n the retaliation context, a *prima facie* case requires a showing that (1) [the plaintiff] engaged in a protected activity pursuant to one of the statutes, (2) an adverse employment action occurred, and (3) there exists a causal link connecting the protected activity to the adverse employment action." *Munoz v. Seton Healthcare, Inc.*, 557 F. App'x 314, 321 (5th Cir. 2014) (citation omitted).

> For purposes of Title VII's anti-retaliation provision, the Supreme Court has held that an adverse employment action is defined slightly more broadly than the term is defined in the employment discrimination context. *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 67-68. Specifically, a plaintiff seeking to establish a retaliatory adverse employment action "must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* (cleaned up).
>
> Title VII's anti-retaliation provisions do not protect employees from "petty slights, minor annoyances, and simple lack of good manners." *Id.* However, retaliatory adverse employment actions also need not rise to the level of ultimate employment decisions. *Id.*; *Donaldson v. CDB Inc.*, 335 F. App'x 494, 506 (5th Cir. 2009). [And], when determining whether an allegedly retaliatory action is materially adverse, courts "look to indicia such as whether the action affected 'job title, grade, hours, salary, or benefits' or caused 'a diminution in prestige or change in standing among ... coworkers.'" *Paul v. Elayn Hunt Corr. Ctr.*, 666 F. App'x 342, 346 (5th Cir. 2016) (quoting *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 332 (5th Cir. 2009)).

*Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 826-27 (5th Cir. 2019); *see also Johnson v. Halstead*, 916 F.3d 410, 420 (5th Cir. 2019) ("*Burlington Northern*'s 'materially adverse' standard [also] governs a section 1981 retaliation claim," as *Mendoza v. Helicopter*, 548 F. App'x 127, 129-30 (5th Cir. 2013) (per curiam), "shows

that the adverse action standard is an obvious consequence of our repeated command to analyze Title VII and section 1981 retaliation claims in sync." (citation omitted)).

> If the plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory reason for its employment action. The employer's burden is only one of production, not persuasion, and involves no credibility assessment. If the employer meets its burden of production, the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real discriminatory or retaliatory purpose. To carry this burden, the plaintiff must rebut each nondiscriminatory or nonretaliatory reason articulated by the employer.

*McCoy*, 492 F.3d at 557 (footnotes omitted); *see, e.g., Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 827-28 (5th Cir. 2015) (affirming the district court's recognition that, even where a plaintiff establishes a prima facie case, an employer "would nevertheless be entitled to summary judgment if it 'articulated a legitimate, nondiscriminatory ... reason for its employment action' and [the plaintiff] could not show a triable issue of fact as to whether 'the employer's proffered reason is not true but instead is a pretext' for a discriminatory purpose" (quoting *McCoy*, 492 F.3d at 557; original brackets omitted)).

Accepting that Oyekwe has shown a prima facie case of retaliation, Dynata proffers that Oyekwe's continued attendance and performance concerns and his failing to address these shortcomings after coaching sessions led to his termination by Jude Bayley (his manager) and Bayley's manager, Michael Shivers. *See* Dkt. No. 75 at 12-14 (Bayley Decl., ¶¶ 33, 34, 39, 42, 43); *id.* at 18, 20, 486-87, 490-519 (emails documenting attendance issues and Oyekwe's inappropriate use of industry terminology, lack of responsiveness, and problems communicating with customers). And Oyekwe has not refuted these proffered reasons. *See, e.g.*, Dkt. No. 75 at 265

(Okeywe Depo.) (speculating that "the entire company," but, in particular, Kristina Bauer, a human resources employee, retaliated against him). Speculation alone is not "evidence that creates a jury issue as to the employer's discriminatory animus or the falsity of the employer's legitimate nondiscriminatory explanation." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002) (footnote omitted).

Because Oyekwe has not shown that Dyanata's proffered reasons for his termination was a pretext for retaliation, the Court should grant Dynata summary judgment on the retaliation claims and dismiss those claims with prejudice.

### Recommendation

The Court should grant the motion for summary judgment [Dkt. No. 73] and dismiss this case with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 26, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE