# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MCDAVID OYEKWE | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-1085-S-BN |
| | § | |
| RESEARCH NOW GROUP INC. | § | |

## ORDER

This Order addresses Plaintiff's Motion for the Appointment of Counsel ("MAC") [ECF No. 102] and Plaintiff's Response/Objection/Appeal to Order & Motion for Trial [ECF No. 103]. For the following reasons, the Court **DENIES** both motions.

Insofar as Plaintiff moves this Court to appoint him counsel, and to the extent that the Notice of Appeal [ECF No. 101] filed on April 27, 2021, does not deprive this Court of jurisdiction to consider the MAC, because Plaintiff has not shown that exceptional circumstances require this Court to appoint him counsel under 28 U.S.C. § 1915(e)(1) at this time, the Court **DENIES** the MAC without prejudice to Plaintiff's right to seek appointment of counsel from the United States Court of Appeals for the Fifth Circuit.

As to Plaintiff's filing requesting a new trial, *see* ECF No. 103, Rule 59(a) of the Federal Rules of Civil Procedure "does not apply where no trial has taken place." *Hernandez v. Siemens Corp.*, 726 F. App'x 267, 269 (5th Cir. 2018) (per curiam). Accordingly, the Court construes Plaintiff's filing as a motion to alter or amend a judgment under Rule 59(e). *See id.* (affirming same construction by another district court).

A Rule 59(e) motion timely filed, within 28 days of judgment, "'suspends the finality of the original judgment' for purposes of an appeal." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373, n.10 (1984)). So, at this

point, "there is no longer a final judgment to appeal from," and "[o]nly the disposition of [the Rule 59(e)] motion 'restores th[e] finality' of the original judgment, thus starting the 30-day appeal clock." *Id.* (citations omitted); *see also United States v. Turner*, 1 F.3d 1237, 1993 WL 309703, at *1 (5th Cir. May 7, 1993) (per curiam) (noting that a timely Rule 59(e) motion "nullifies the simultaneously-filed notice of appeal" (citing *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668-70 (5th Cir. 1986) (en banc))). Thus, the Court's "ruling on the Rule 59(e) motion merges with the prior determination, so that the reviewing court takes up only one judgment." *Banister*, 140 S. Ct. at 1703 (citation omitted); *see also Harris v. Moberly*, 642 F. App'x 386, 387 (5th Cir. 2016) (per curiam) ("Where a litigant files a timely Rule 59(e) motion and a notice of appeal, the notice of appeal does not become effective until the entry of the order disposing of the motion." (citing FED. R. APP. P. 4(a)(4)(A)(iv), (B)(i); *Burt v. Ware*, 14 F.3d 256, 260-61 (5th Cir. 1994))).

> Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A motion under Rule 59 cannot be used to raise arguments or claims "that could, and should, have been made before the judgment issued." *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008).

*Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (per curiam) (footnote omitted).

Construing Plaintiff's April 27, 2021 filing as a timely filed Rule 59(e) motion, the Court finds that Plaintiff has not identified any intervening change in the controlling law and fails to either present newly discovered evidence or identify a manifest error of law or fact that need be corrected. *See Hernandez*, 726 F. App'x at 269 ("Rule 59(e) is an 'extraordinary remedy' that 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to

present newly discovered evidence'" (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004))). Accordingly, the Court **DENIES** Plaintiff's construed Rule 59(e) motion [ECF No. 103].

**SO ORDERED.**

SIGNED May 5, 2021.

**UNITED STATES DISTRICT JUDGE**