IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MCDAVID OYEKWE, | § | |
| Plaintiff, | § § § | |
| V. | § § | No. 3:19-cv-1085-S |
| RESEARCH NOW GROUP, INC. a/k/a RESEARCH NOW, INC. a/k/a DYNATA, | § § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff McDavid Oyekwe filed a *pro se* action in state court against his former employer, Defendant Research Now Group, Inc. a/k/a Research Now, Inc. a/k/a Dynata. *See* Dkt. No. 3-9. Dynata removed Oyekwe's lawsuit to federal court after answering his amended petition. *See* Dkt. No. 3. And the Court granted Dynata's motion for summary judgment and dismissed Oyekwe's claims with prejudice on April 20, 2021, *see* Dkt. Nos. 83, 98, 99, and denied Oyekwe's construed motion for relief under Federal Rule of Civil Procedure 59(e) on May 5, 2021, *see* Dkt. No. 105.

Oyekwe also noticed an appeal on April 27, 2021. *See* Dkt. No. 101.

And Dynata filed a bill of cost on May 4, 2021. *See* Dkt. No. 104; FED. R. CIV. P. 54(d); N.D. TEX. L. CIV. R. 54.1.

The Clerk of Court taxed costs totaling $3,783.46 against Oyekwe on May 18, 2021. *See* Dkt. No. 108. The next day, Oyekwe filed Plaintiffs Response/Objection/Appeal to Fascist Bill of Costs & Motion for Default Judgment & Neutral Magistrate. *See* Dkt. No. 109. The presiding United States district judge

referred this filing to the undersigned United States magistrate judge. *See* Dkt. No. 111. And this memorandum opinion and order is entered to address Oyekwe's objections to the bill of costs.

Preliminarily, Dynata timely moved to tax costs on the proper form. *See* N.D. TEX. L. CIV. R. 54.1. And the Court retains jurisdiction to consider Oyekwe's objections to the taxation of costs. *See Feria v. Winn-Dixie Montgomery, L.L.C.*, 753 F. App'x 323, 324 (5th Cir. 2019) (per curiam) (Although the court's judgment did not explicitly award costs, the defendant "remained entitled to seek a judgment as to costs pursuant to Rule 54(d) in the district court even after entry of final judgment, and Plaintiffs' notice of an appeal in this court had no effect on the district court's jurisdiction to entertain such a motion." (citing *Moody Nat'l Bank of Galveston v. GE Life & Annuity Assur. Co.*, 383 F.3d 249, 250 (5th Cir. 2004); *Coward v. AC & S., Inc.*, 91 F. App'x 919, 922 (5th Cir. 2004))).

Further, objections to a bill of costs or a motion to tax post-judgment under Rule 54(d)(1) and 28 U.S.C. § 1920 may be treated as nondispositive. *See Hakim v. Cannon Avent Grp., PLC*, Civ. A. No. 02-1371, 2007 WL 3120671, at *1 (W.D. La. Oct. 23, 2007) (The United States Court of Appeals for the Fifth Circuit "has not addressed what standard of review should be applied to a district court's review of a magistrate judge's ruling on a motion taxing costs. However, district courts in this circuit have found that a motion taxing costs is a non-dispositive pretrial matter and have applied the clearly erroneous/contrary to law standard of review pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 54(b)." (citing cases)); *accord Gros v. City Grand*

*Prairie*, 34 F. App'x 150, No. 01-10543, 2002 WL 494040, at *1 (5th Cir. Mar. 12, 2002) (per curiam).

Rule 54(d)(1) "permits a district court to provide costs, other than attorney's fees, to the 'prevailing party.'" *Mercer v. Patterson-UTI Drilling Co., L.L.C.*, 717 F. App'x 400, 406 (5th Cir. 2017) (per curiam).

And, in this circuit, the "rule is that: 'Unless a federal statute, the Federal Rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party.'" *Vital v. Nat'l Oilwell Varco, L.P.*, 685 F. App'x 355, 360 (5th Cir. 2017) (per curiam) (quoting *Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 319 (5th Cir. 2013); brackets omitted); *see also Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006) ("There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs.").

That said,

> a district court may, but is not required to, deny a prevailing party costs where suit was brought in good faith and denial is based on at least one of the following factors: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources."

*Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheo v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citing, in turn, 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668 at 234 (1998))); *see also U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015) (The Fifth Circuit has "never held that the 'limited resources' of the losing party provide a basis for denying the prevailing party its costs." (citation and footnote

omitted)); *Mercer v. Patterson-UTI Drilling Co., L.L.C.*, 717 F. App'x 400, 406 (5th Cir. 2017) (per curiam) (*Pacheo* does not means that "it is proper to deny costs when the losing party brought the case in good faith and also satisfied at least one of five factors identified in" Wright & Miller.).

Oyekwe's objections to Dynata's award of costs cites none of these factors; it in fact makes no credible arguments against the taxation of costs. *See* Dkt. No. 109. And, based on the undersigned's familiarity with this case, none of these factors could possibly apply to prevent the Court from taxing costs against Oyekwe.

The Court therefore OVERRULES his objections, and the Clerk shall TERMINATE Dkt. No. 109 based on this memorandum opinion and order.

SO ORDERED.

DATED: June 3, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE